Dino ANTUNA; Lisa Antuna; Bradley Black; Lisa M. Black; Marcy Bloom; Donald Bloom; Roland Devio; Arpina Devio; Thomas Glazier; Richard West; Christine West; Aliana Kluth; Lisa Logan; David Logan; Janfada Mehrzad; Cynthia Demers; Ken Wellcome; Joseph Turns; Barbara Turns; Clifton Williams; Patricia Williams; Donald Zaleski; Jamie Zaleski, Plaintiffs–Appellants,

v.

AMERICAN WEST HOMES, INC., A Nevada Corporation; Robert Amicao; Candee Brewer; Eclipse Appraisal; Donna Flood; Fradella Mark; Russ Pachiner, Defendants–Appellees.

No. 05–15912.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2007.

Filed May 16, 2007.

Philip S. Gerson, Esq., Rawlings, Olson, Cannon, Gormley & Desruisseaux, Las Vegas, NV, for Plaintiffs–Appellants.

Mark E. Ferrario, Esq., Tami D. Cowden, Esq., Kummer Kaempfer Bonner & Renshaw, Las Vegas, NV, for Defendants–Appellees.

Before: SCHROEDER, Chief Circuit Judge, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM [*]

This appeal stems from a dispute between a developer, American West Homes ("American West"), and several homeowners ("Homeowners"). Homeowners appeal the district court's denial of their motion to compel arbitration. Homeowners appeal also the district court's grant of summary judgment in favor of American West. We affirm.

We reject Homeowners' argument that the "Arbitration of Disputes" clause in their purchase agreements with American West requires this dispute to be resolved in binding arbitration. The record shows that Homeowners waived their right to arbitrate by actively litigating their claim in state and federal court. *See Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir.1989) (as amended); *Nev. Gold & Casinos, Inc. v. Am. Heritage, Inc.*, 121 Nev. 84, 110 P.3d 481, 485 (2005).

In addition, given the record before us, we cannot conclude that Homeowners set forth specific facts showing that there was a genuine issue for trial as to whether

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Homeowners were damaged on account of oral misrepresentations allegedly made by American West. Homeowners' conclusory statements on the issue of damages were insufficient to defeat summary judgment. *See* Fed.R.Civ.P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Therefore, the district court correctly granted summary judgment in favor of American West.[1]

**AFFIRMED.**

---

1. Because we find that Homeowners failed to establish a triable issue with respect to damages, we need not decide whether Homeowners should have been permitted to introduce parol evidence to show factual fraud.

